# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### (SPRINGFIELD DIVISION)

| | |
|---|---|
| ESTATE OF JAMES ANDREW ILER, Deceased, By JOSEPH JONES, Administrator and Individually, as next of kin of Deceased and S.J., a minor, Individually, as next of kin by JOSEPH JONES | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No.: 3:22-cv-3042 |
| | ) |
| MACOUPIN COUNTY, ILLINOIS | )<br>) |
| SHAWN KAHL, in his official capacity as Sheriff of Macoupin County and in his individual capacity, and | )<br>)<br>)<br>) |
| ROGER DIVELEY, in his official capacity as Macoupin County Deputy and in his individual capacity, | )<br>)<br>)<br>) |
| ASA BENTLEY, in his official capacity as Macoupin County Deputy and in his individual capacity, | )<br>)<br>)<br>) |
| JACOB MORGAN, in his official capacity as Macoupin County Deputy and in his individual capacity, | )<br>)<br>)<br>) |
| VILLAGE OF BRIGHTON, ILLINOIS | )<br>) |
| MARVIN BROWN, in his official capacity as a Police Officer for Brighton, Illinois and in his individual capacity, | )<br>)<br>)<br>) |
| UNKNOWN INDIVIDUALS | )<br>) |
| Defendants. | ) |

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, Estate of JAMES ANDREW ILER, and deceased, "Decedent" or "JAMES ANDREW ILER" by Plaintiff JOSEPH JONES, Administrator of the Estate, Individually, as next of kin, and S.J., a minor, individually, as next of kin by and through their attorneys, Joshua R. Evans of GREAT RIVER INJURY LAW, and in support of their Complaint and Jury Demand states as follows:

**NATURE OF CASE**

1. This suit arises pursuant to 42 U.S.C. § 1983 and Illinois state law claims to address deprivations of Plaintiff's rights under the Constitution of the United States and state law. This action is being brought pursuant to 740 ILCS 180/2, a Wrongful Death Act, and 755 ILCS 5/27-6, a Survival Act, against Defendants.

2. Defendant DIVELEY, BENTLEY, and MORGAN are Sheriff's Deputies within Defendant KAHL's Sheriff's Department in Macoupin County, Illinois. Defendant DIVELEY, BENTLEY, and MORGAN are sued in their individually capacity as well as in their capacity as law enforcement officers employed by Macoupin County Sheriff's Department.

3. Defendant UNKNOWN INDIVIDUALS are individuals within the Macoupin County Sheriff's Department and/or the Village of Brighton Police Department who participated in the allege harms and civil rights violations.

**JURISDICTION**

4. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. § 1331, 1343 and 42 U.S.C. § 1983, 1988.

## VENUE

5. The violations of civil rights alleged herein were committed within the Central District of Illinois, to wit: in Macoupin County, State of Illinois. This action properly lies in the United States District Court for the Central District of Illinois, Springfield Division.

## PARTY PLAINTIFFS

6. At all times relevant, the Decedent, JAMES ANDREW ILER, was a United States Citizen, residing in Macoupin County, State of Illinois. He was shot dead on April 1, 2021.

7. Plaintiff, JOSEPH JONES, is a United States Citizen. Subsequent to Decedent's death, the Macoupin County Circuit Court granted JOSEPH JONES letters of office, naming him Administrator of the Estate of JAMES ANDREW ILER. JOSEPH JONES is the Decedent's biological son and brings this action on behalf of himself, and for his minor sibling, S.J. (collectively "next of kin").

## PARTY DEFENDANTS

8. In his official and individual capacities, Sheriff SHAWN KAHL is joined as a Party Defendant herein because, at all relevant times, he was an employee and agent of the Macoupin County Sheriff's Office. At all relevant times, Sheriff KAHL acted under color of law as a duly elected Sheriff and within the scope of his employment. Further, Defendant KAHL is the final policy maker of the Macoupin County Sheriff's Department.

9. In their official and individual capacities, MORGAN, BENTLEY, and DIVELEY are joined as party Defendants herein because, at all relevant times, they were employees and agents of the Macoupin County Sheriff's Office. At all relevant times, MORGAN, BENTLEY, and DIVELEY acted under color of law as a duly appointed Macoupin County Sheriff's Deputy and within the scope of his employment.

10. Macoupin County, a political subdivision of Illinois, is the legal entity under which Sheriff KAHL MORGAN, BENTLEY, and DIVELEY all were employed. It is responsible for providing the vehicles, the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was or is the employer of Sheriff KAHL MORGAN, BENTLEY, and DIVELEY.

11. Village of Brighton, Illinois, a political subdivision of Illinois, is the legal entity under which Defendant BROWN was employed. It is responsible for providing the vehicles, the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was or is the employer of Defendant BROWN.

12. In his official capacity and individually, MARVIN BROWN, is joined as a Party Defendant herein because, at all relevant times, he was an employee and agent of the Brighton, Illinois. At all relevant times, BROWN acted under color of law as a duly appointed police officer for Brighton, Illinois and within the scope of his employment.

## FACTUAL BACKGROUND

13. DECEDENT contacted the Brighton Police Department (non-emergency line) on April 1, 2021 because he was having a mental health crisis.

14. In response, the Bright Police Department contacted the Macoupin County Sheriff's Department. The Macoupin County Sheriff's Department responded to DECDENT's home along with Defendant BROWN.

15. Armed with the knowledge DECEDENT was undergoing a mental health emergency, officers with the Macoupin County Sheriff's Department advanced upon DECEDENT with weapons drawn, flood lights shining upon DECEDENT, and emergency lights activated.

16. DECEDENT came out of the house asking to speak to his paramour.

17. At the time, DECEDENT possessed two knives.

18. Officers responding told DECEDENT to come to them, and they would let DECEDENT speak to his paramour.

19. DECEDENT stopped in his driveway.

20. While both hands were at his side, DECEDENT received two shots into his upper torso.

21. Defendant DIVELEY, fired the two shots into DECEDENT at a distance of at least thirty feet away.

22. At the time Defendant DIVELEY fired upon DECEDENT, Defendant DIVELEY did not have probable cause to arrest DIVELEY.

23. Despite non-lethal means being available, Defendant, DIVELEY, used lethal force.

24. The Fourth Amendment prohibits the use of deadly force in non-deadly circumstances which do not pose an immediate threat of serious bodily injury and/or death.

25. Based upon information and belief, Defendants, MACOUPIN COUNTY, Sheriff KAHL, DIVELEY, and UNKNOWN INDIVIDUALS possessed a written or unwritten policy, practice or custom of using excessive force while apprehending and handling the public, including suspects.

26. Based upon information and belief, Defendants, MACOUPIN COUNTY and Sheriff KAHL provide no training on dealing with those undergoing mental health emergencies.

27. These practices have been allowed and promoted by Defendant MACOUPIN COUNTY and Defendant KAHL, especially against those deputies consider "drug heads" or "drunks".

**COUNT I**
**SECTION 1983 – Fourth Amendment Violations**

**EXCESSIVE FORCE (Defendant DIVELEY)**

28. The Plaintiff restates and alleges all previously plead paragraphs.

29. The conduct by Defendant, DIVELEY, in this count and described herein constituted excessive and deadly force in violation of the Fourth Amendment to the United States Constitution, state law, and clearly established law.

30. At all times material, Defendant, DIVELEY, acted under color of state law, as agent of Macoupin County, and within the scope of his or her employment and authority as a law enforcement officer for Macoupin County.

31. At all times relevant, Defendant, DIVELEY, did not have reasonable fear of imminent bodily harm when he fired two shots into DECEDENT, nor did Defendant, DIVELEY, believe any other person was in immediate danger or imminent bodily harm from DECEDENT.

32. Every reasonable officer would have known that using deadly force against DECEDENT constitutes excessive force.

33. Defendant, DIVELEY, use of deadly force in firing upon Decedent was objectively unreasonable and violated clearly established law.

34. As a result of Defendant DIVELEY's excessive use of force, DECEDENT suffered injuries and death.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, prays for judgment against Defendant DIVELEY as follows:

    A.    A declaration that Decedent's civil rights were violated by Defendants

    B.    Compensatory damages and punitive damages in an amount to be determined at trial;

    C.      Attorney's fees and costs; and

    D.      For such other and further relief as this court deems reasonable.

## COUNT II
### SECTION 1983 – Fourth Amendment Violations under *Monell*
### (Defendants KAHL and MACOUPIN)

35. Plaintiff restates and alleges all previously plead paragraphs.

36. Defendant KAHL is during all relevant times a final policy maker and an active participant in the events aforementioned.

37. During all relevant times while on scene, Defendant KAHL engaged in policy decisions which lead to the constitutional violation of DECEDENT including:

    A.      Directly encouraged, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise, and control his officers, such that his failure to do so manifests deliberate indifference.

    B.      Failed to provide adequate training to the majority of his officers regarding how to recognize mental health disturbances in civilians and how to interact with such civilians.

38. While Defendant KAHL was on scene and otherwise failed to control the same, Defendant KAHL and MACOUPIN are likewise responsible under *Monell*.

39. The misconduct described in Facts Common to All Count and Count I was undertaken pursuant to the policy and practice of Defendants KAHL and MACOUPIN in that each of these Defendants:

    A.      Directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

    B.    Failed to provide adequate training to the majority of its officers regarding how to recognize mental health disturbances in civilians and how to interact with such civilians.

    C.    Failed to adequately investigate, punish, and discipline instances of similar excessive force, including delaying investigations into allegations of misconduct, thereby leading officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as the those affected Decedent.

    D.    As a matter of widespread practice so prevalent as to comprise policy, officers of Defendants abuse citizens with excessive force.

    E.    Defendants are aware of, condone and facilitate by their inaction, a "code of silence." Defendants Officers routinely fail to report instances of misconduct to protect each other from punishment.

    F.    Defendants filed to remedy patterns of abuse, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

40.    As a result, DECEDENT suffered injuries and death on April 1, 2021.

41.    Moreover, upon learning of the conduct, Defendants KAHL and MACOUPIN ratified the conduct, approved it, and consented to the same.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants KAHL and MACOUPIN County as follows:

    A.    Declaration that DECEDENT's rights were violated by Defendants

    B.    Compensatory damages in an amount to be determined at trial;

C.  Reasonable attorney's fees and costs;

D.  Punitive damages against Defendant, KAHL, individually, and;

E.  For such other and further relief as this court deems reasonable.

## COUNT III
### SECTION 1983 – Fourth Amendment Violations
### CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS (Defendants KAHL, DIVELEY, BENTLEY, MORGAN, BROWN)

42. Plaintiff restates and alleges all previously plead paragraphs.

43. This matter is brought pursuant to 42 USC § 1983, which provides an avenue for Plaintiffs to file for violation of the United States Constitution.

44. Defendant DIVELEY, KAHL, BENTLEY, MORGAN, and BROWN, acting in concert, reached an agreement or understanding to deprive DECEDENT and Plaintiff of DECEDENT's constitutional right to redress for the wrongful actions.

45. Specifically, these Defendants conspired to accomplish an unlawful purpose, or to accomplish a lawful purpose by an unlawful means, namely

    A.  Misrepresenting the actions taken by DECEDENT prior to Defendant DIVELEY shooting DECEDENT; and

    B.  Falsely reporting the incident in official records.

46. In furtherance of their conspiracy, one or more of the co-conspirators committed an overt act, and each was a willful participant and continues to be.

47. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights.

48. As a result of Defendants misconduct described in this Count, Plaintiff suffered deprivation of his right to redress.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant DIVELEY, KAHL, BENTLEY, MORGAN, and BROWN as follows:

   A. Declaration that DECEDENT's rights were violated by Defendants;

   B. Compensatory damages in an amount to be determined at trial;

   C. Punitive damages in an amount to be determined at trial;

   D. Reasonable attorney's fees and costs; and

   E. For such other and further relief as this court deems reasonable.

**COUNT IV**
**STATE LAW CLAIM**
**Willful and Wanton Negligence (Defendant DIVELEY)**

49. Plaintiff restates and alleges all previously plead paragraphs.

50. Defendant DIVELEY, acting under the color of law and within the scope of his employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, and proximately causing DECEDENT bodily injury and death.

51. Defendant DIVELEY had a duty to refrain from causing bodily harm to DECEDENT.

52. Defendant DIVELEY breached that duty by firing his weapon at DECEDENT without legal justification to do so.

53. The misconduct described herein was objectively unreasonable and was undertaken intentionally with willful indifference to DECEDENT's constitutional rights.

54. The misconduct described herein was undertaken with malice, willfulness, and reckless indifference to the rights of others.

55. As a result of the actions of Defendant DIVELEY, DECEDENT sustained bodily injuries and death.

56. As a direct and proximate result of one or more of the aforementioned acts or omissions of Defendant DIVELEY, DECEDENT suffered serious injuries, including pain and suffering before his death, subjecting the Defendant to liability for Illinois' Survival Act and Wrongful Death Act.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant DIVELEY as follows:

    A. Compensatory damages in an amount to be determined at trial;

    B. Punitive damages in an amount to be determined at trial;

    C. Reasonable attorney's fees and costs; and

    D. For such other and further relief as this court deems reasonable.

**COUNT V**
**STATE LAW CLAIM**
**BATTERY (Defendant DIVELEY)**

57. Plaintiff restates and alleges all previously plead paragraphs.

58. Defendant DIVELEY, acting under the color of law and within the scope of his employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, and proximately causing Decedent bodily injury and death.

59. Defendant DIVELEY had a duty to refrain from causing bodily harm to DECEDENT.

60. DIVELEY breached that duty by firing his weapon at Decedent without legal justification to do so.

61. The misconduct described herein was objectively unreasonable and was undertaken intentionally with willful indifference to DECEDENT's constitutional rights.

62. The misconduct described herein was undertaken with malice, willfulness, and reckless indifference to the rights of others.

63. As a result of the actions of Defendant DIVELEY, DECEDENT sustained bodily injuries and death.

64. As a direct and proximate result of one or more of the aforementioned acts or omissions of Defendant DIVELEY, DECEDENT suffered serious injuries, including pain and suffering before his death, subjecting the Defendant to liability for Illinois' Survival Act and Wrongful Death Act.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant DIVELEY as follows:

A. Compensatory damages in an amount to be determined at trial;

B. Punitive damages in an amount to be determined at trial;

C. Reasonable attorney's fees and costs; and

D. For such other and further relief as this court deems reasonable.

**COUNT VI**
**STATE LAW CLAIM**
**CIVIL CONSPIRACY (Defendants KAHL, DIVELEY, BENTLEY, MORGAN, BROWN, AND UNKNOWN INDIVIDUALS)**

65. Plaintiff restates and alleges all previously plead paragraphs.

66. After the shooting death of DECEDENT,

67. Defendant KAHL, DIVELEY, BENTLEY, MORGAN, BROWN, and UNKNOWN INDIVIDUALS acting in concert, reached an agreement or understanding to deprive

DECEDENT and Plaintiff of DECEDENT's constitutional right to redress for the wrongful actions by Defendant DIVELEY.

68. Specifically, these Defendants conspired to accomplish an unlawful purpose, or to accomplish a lawful purpose by an unlawful means, namely

   A. Misrepresenting the actions taken by DECEDENT prior to Defendant DIVELEY shooting DECEDENT; and

   B. Falsely reporting the incident in official records.

69. In furtherance of their conspiracy, one or more of the co-conspirators committed an overt act, and each was a willful participant and continue to be.

70. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights.

71. As a result of Defendants misconduct described in this Count, Plaintiff suffered deprivation of his right to redress.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant KAHL, DIVELEY, BENTLEY, MORGAN, BROWN, and UNKNOWN INDIVIDUALS as follows:

   A. Compensatory damages in an amount to be determined at trial;

   B. Punitive damages in an amount to be determined at trial;

   C. Reasonable attorney's fees and costs; and

   D. For such other and further relief as this court deems reasonable.

### COUNT VII

**STATE LAW CLAIM**
**RESPONDENT SUPERIOR (Defendant MACOUPIN)**

72. The Plaintiff restates and alleges all previously plead paragraphs.

73. In committing the acts set forth herein, Defendant KAHL, DIVELEY, BENTLEY, and MORGAN were members and agents of Defendant MACOUPIN COUNTY, acting at all relevant times within the scope of their employment.

74. Defendant, MACOUPIN COUNTY, is liable as principal for all torts committed by Defendant KAHL, DIVELEY, BENTLEY, and MORGAN.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant MACOUPIN COUNTY as follows:

    A.    Compensatory damages in an amount to be determined at trial;

    B.    For such other and further relief as this court deems reasonable.

**COUNT VIII**
**STATE LAW CLAIM**
**RESPONDENT SUPERIOR (Defendant BRIGHTON)**

75. The Plaintiff restates and alleges all previously plead paragraphs.

76. In committing the acts set forth herein, Defendant BROWN was a member and agent of Defendant BRIGHTON, acting at all relevant times within the scope of his employment.

77. Defendant BRIGHTON, is liable as principal for all torts committed by Defendant BROWN.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant BRIGHTON as follows:

    A.    Compensatory damages in an amount to be determined at trial;

    B.    For such other and further relief as this court deems reasonable.

## JURY DEMANDED

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED

Respectfully Submitted,

By:    */s/    Joshua R. Evans*
Joshua R. Evans, #6318288
GREAT RIVER INJURY LAW
103 East Pearl
Jerseyville, Illinois 62052
618-498-0001
office@jevanslegal.com